IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHRISTOPHER I. WILLIAMS,

    Petitioner,

v.                                                                          No. 1:16-cv-01255-JDB-egb

STATE OF TENNESSEE,

    Respondent.

ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On September 22, 2016, Petitioner, Christopher I. Williams, filed a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 ("Petition"), but did not pay the filing fee or seek leave to proceed *in forma pauperis*. (Docket Entry ("D.E.") 1.) The same day, the Court directed Petitioner to file an *in forma pauperis* affidavit and trust fund account statement or pay the $5 habeas filing fee. (D.E. 3.) He was warned that failure to comply with the Court's order would result in dismissal of the case pursuant to Fed. R. Civ. P. 41(b). (*Id.*) The inmate failed to comply with the order, and the Court dismissed the Petition without prejudice. (D.E. 4.) Judgment was entered on November 15, 2016. (D.E. 5.)

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition without prejudice. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED this 29th day of January 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE